IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALFORD, | : | |
| Petitioner, | : | 1:20-cv-1922 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DAVID PENCHISHEN, | : | |
| Respondent. | : | |

### **MEMORANDUM**

### **January 25, 2021**

On October 19, 2020, Petitioner Craig Alford, a pretrial detainee confined at the Northampton County Jail, Easton, Pennsylvania, initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is subject to excessive bail. He also complains various constitutional violations including, due process and equal protection violations, a lack of access to the law library, and retaliation. (Doc. 1, pp. 1, 2). He seeks to proceed *in forma pauperis* (Docs. 4, 5), and requests a court order granting him access to the law library. (Doc. 9).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) permits application of rules to habeas corpus petitions pursuant to 28 U.S.C. §

2241.  A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . "  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Preliminary review reveals that the petition is subject to summary dismissal.

## I.  BACKGROUND

Petitioner asserts that on June 7, 2020, officials placed him in the Monroe County Jail "with an excessive bail."  (Doc. 1, p. 1).  Additionally, he asserts that his arraignment had been delayed until September 2, 2020.  (*Id.*).  He indicates that he sought release based on due process violations and that the Pennsylvania State Attorney General was notified of his circumstances.  (*Id.* at 2).

He also claims that the Monroe County Correctional Facility in Stroudsburg, Pennsylvania, where he was housed prior to his transfer to the Northampton County Jail, lacks an adequate law library.  And "to add insult to injury, [he] was transferred from 'Monroe County' to "Northampton County" without due process" and in retaliation for his pursuit of civil litigation.  (*Id.* at 3, 4).  He seeks intervention from this Court, including an order directing he be transferred back to the Monroe County Correctional Facility.

An electronic search *via* the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/DocketSheets/CP.aspx, indicates that he has two criminal actions pending in the Court of Common Pleas of Monroe County, CP-45-CR-295-2020, and CP-45-CR-929-2020. Presently pending in those actions are petitions for writs of habeas corpus, appeals to the Pennsylvania Superior Court, and motions for nominal bail. Additionally, on January 21, 2020, the state amended the criminal informations in both criminal proceedings.

## II.   DISCUSSION

### A.   Habeas Corpus Relief

Pursuant to 28 U.S.C. § 2254, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his or her confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). However, this section specifically provides that the person must be in custody pursuant to the judgment of a State. It is apparent from the instant petition that he has not yet been tried or convicted on the criminal charges he faces in Monroe County. *See* 28 U.S.C. § 2254(a). Thus, he is not yet in custody pursuant to the judgment of a state court.

Notwithstanding this deficiency, generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv.,*

*Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other

4

extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

It is evident from the state court electronic dockets and the petition that Petitioner is in ongoing criminal proceedings which implicate important state interests in that he is actively engaged in defending against those proceedings. Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court on this issue. Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition. Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

### B.   Civil Rights Claims

To the extent Petitioner includes civil rights claims in his habeas petitions, "habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge

5

of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).  When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action.  *See Leamer*, 288 F.3d at 540.  "Habeas corpus is not an appropriate or available federal remedy."  *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Those claims for which he seeks to impose liability due to the deprivation of certain rights and privileges are erroneously included in his petition for writ of habeas corpus as they do not involve a challenge to the legality of his present incarceration.  Consequently, they will be dismissed without prejudice to his right to reassert them in a properly filed civil rights action.

### III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order

in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the disposition of this case debatable.  Accordingly, there is no basis for the issuance of a certificate of appealability.

The denial of a certificate of appealability does not prevent Petitioner from appealing the order dismissing his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals.  *See* FED. R. APP. P. 22(b)(1), (2).

A separate Order will enter.